# Exhibit A

**SUM-100**

# SUMMONS
## (CITACIÓN JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MEEPO BOARD, INC., a corporation; AMAZON.COM SERVICES, LLC, a limited liability company; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KAYDEN ENRIQUEZ KADRI, an individual

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
9/6/2024 12:10:20 PM

Clerk of the Superior Court
By J. Walters      , Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Diego County Superior Court<br><br>Central Division - 330 W. Broadway San Diego, CA 92101 | CASE NUMBER:<br>*(Número del Caso):*<br><br>24CU009942C |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
H. Gavin Long, Esq./Julie Lu, Esq.; Wilshire Law Firm, PLC; 3055 Wilshire Blvd, 12th Fl., Los Angeles, CA 90010; 213-381-9988

| DATE: September 9, 2024<br>*(Fecha)* | Clerk, by<br>*(Secretario)* _J. Walters_ | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**[SEAL]**

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* AMAZON.COM SERVICES, LLC, a limited liability company

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☒ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courts.ca.gov |
|---|---|---|

For your protection and privacy, please press the Clear This Form button after you have printed the form.

| Print this form | Save this form | | Clear this form |
|---|---|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS:  330 W. Broadway | |
| MAILING ADDRESS:  330 W. Broadway | |
| CITY AND ZIP CODE:  San Diego, 92101 | |
| BRANCH NAME:  Central | |
| TELEPHONE NUMBER: 619-450-7066 | |

PLAINTIFF(S) / PETITIONER(S):  Kayden Enriquez Kadri

DEFENDANT(S) / RESPONDENT(S):  Meepo Board Inc

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: 24CU009942C |
|---|---|

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge: WENDY M. BEHAN                                           Department: C-66

**COMPLAINT/PETITION FILED: 09/06/2024**

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT |
|---|---|---|---|
| Case Management Conference | 02/14/2025 | 1:30 PM | C-66 |

**Case Management Conferences (CMCs) may be conducted virtually or in person.** Anyone wishing to appear remotely should visit the "Appearing for Hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC.  (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:**. The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint.  A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed.  If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6).  If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date.  See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged.  The court encourages and expects the parties to consider using ADR options prior to the CMC.  The use of ADR will be discussed at the CMC.  Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

# NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 24CU009942C                              CASE TITLE:

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
>           (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
>           (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), **and**
>           (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

**Potential Advantages**
- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships

**Potential Disadvantages**
- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable

## Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection:  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

---

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 W. Broadway | |
| MAILING ADDRESS: 330 W. Broadway | |
| CITY AND ZIP CODE: San Diego, 92101 | |
| BRANCH NAME: Central | |

| PLAINTIFF(S): Kayden Enriquez Kadri |
|---|
| DEFENDANT(S): Meepo Board Inc |
| SHORT TITLE: |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 24CU009942C |
|---|---|

Judge: WENDY M. BEHAN                                     Department: C-66

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                            ☐ Binding private arbitration

☐ Voluntary settlement conference (private)      ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                   ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                    Date: _____

_____                          _____
Name of Plaintiff                                Name of Defendant

_____                          _____
Signature                                        Signature

_____                          _____
Name of Plaintiff's Attorney                     Name of Defendant's Attorney

_____                          _____
Signature                                        Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 09/09/2024                                _____
                                                 JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev. 12-10)        **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**                Page 1

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| H. Gavin Long, Esq. (SBN: 204034); Julie Lu, Esq. (SBN: 263798)<br>WILSHIRE LAW FIRM, PLC, 3055 Wilshire Blvd., 12th Floor, Los Angeles, CA 90010<br><br>TELEPHONE NO.: (213) 381-9988    FAX NO.: (213) 381-9989<br>EMAIL ADDRESS: GavinLongsTeam@WilshireLawFirm.com<br>ATTORNEY FOR *(Name):* Plaintiff Kayden Kadri | ELECTRONICALLY FILED<br>Superior Court of California,<br>County of San Diego<br><br>9/6/2024 12:10:20 PM<br><br>Clerk of the Superior Court<br>By J. Walters    ,Deputy Clerk |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>STREET ADDRESS: 330 W. Broadway San Diego<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Diego, 92101<br>BRANCH NAME: Central Division | |

CASE NAME:
Kayden Kadri v. Meepo Board, Inc, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $35,000)    [ ] **Limited** (Amount demanded is $35,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 24CU009942C |
| | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [x] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* Three (3)
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 5, 2024

Julie Lu, Esq.
_____
(TYPE OR PRINT NAME)      ▶ _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.      Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner
      Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

For your protection and privacy, please press the Clear This Form button after you have printed the form.

Print this form | Save this form | Clear this form

H. Gavin Long, Esq. (SBN: 204034)
Julie Lu, Esq, (SBN: 263798)
Andrew S. Attia (SBN: 330012)
**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Tel: (213) 381-9988
Fax: (213) 381-9989
GavinLongsTeam@WilshireLawFirm.com

Attorneys for Plaintiff KAYDEN ENRIQUEZ KADRI

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
    9/6/2024 12:10:20 PM

Clerk of the Superior Court
By J. Walters        ,Deputy Clerk

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| KAYDEN ENRIQUEZ KADRI, an individual,<br><br>                    Plaintiff,<br><br>        vs.<br><br>MEEPO BOARD, INC., a corporation; AMAZON.COM SERVICES, LLC, a limited liability company; and DOES 1 through 50 inclusive,<br><br>                    Defendants. | CASE NO.:      24CU009942C<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **STRICT PRODUCT LIABILITY**<br>2. **NEGLIGENCE PRODUCTS LIABILITY**<br>3. **BREACH OF IMPLIED WARRANTY**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff, KAYDEN ENRIQUEZ KADRI, an individual ("Plaintiff"), and for causes of action against the Defendants, and each of them, complains and alleges as follows:

**COMMON ALLEGATIONS FOR ALL CAUSES OF ACTION**

1.      The relevant events giving rise to Plaintiff's claims and the conduct of the Defendants occurred in San Diego County, CA. Venue is therefore proper under California Code of Civil Procedure section 395.

2.      All of the facts and circumstances complained of herein occurred within the State of California or under circumstances such that this Superior Court has jurisdiction.

1

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

3.    Plaintiff is a resident of Orange County, state of California.

4.    Plaintiff is informed and believes, and based upon such information and belief, alleges that Defendant MEEPO BOARD, INC. ("MEEPO"), is a corporation doing business in the State of California.

5.    Plaintiff is informed and believes, and based upon such information and belief, alleges that Defendant AMAZON.COM SERVICES, LLC ("AMAZON"), is a limited liability company doing business in the State of California.

6.    The true names and/or capacities, whether individual, corporate, associate, or otherwise, of the Defendants DOES 1 through 50, inclusive, and each of them, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names pursuant to Code of Civil Procedure § 474. Plaintiff is informed and believes, and based upon such information and belief, alleges that each of these Defendants fictitiously named herein as a DOE is legally responsible, negligent, or in some other actionable manner liable for the events and happenings hereinafter referred to, and proximately and legally caused the injuries to Plaintiff as hereinafter alleged. Plaintiff will seek leave of the Court to amend this Complaint to insert the true names and/or capacities of such fictitiously named Defendants when the same have been ascertained. Defendants MEEPO BOARD, INC.; AMAZON.COM SERVICES, LLC; and DOES 1 through 50, inclusive, are referred to hereafter as "Defendants."

7.    Plaintiff is informed and believes, and based thereon allege, that at all relevant times each of the Defendants, including Defendants DOES 1 through 50, inclusive, were the agents, servants, employees, representatives of each of the remaining defendants and were at all times material hereto acting within the authorized course and scope of said agency, service, employment and/or representation, and/or that all of said acts, conduct and omissions were subsequently ratified by their respective principals and the benefits thereof accepted by such principals.

8.    As used throughout, "PRODUCT" or "PRODUCTS" shall refer to the MEEPO ENVY NLS 3 electric skateboard purchased by Plaintiff from AMAZON.

2

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

9.     On November 19, 2023, Plaintiff purchased the PRODUCT from the AMAZON website. The PRODUCT was listed by MEEPO, and sold through AMAZON. At the time, MEEPO participated in the "Fulfilled by Amazon" program and the PRODUCT was sorted, fulfilled, and shipped from AMAZON warehouses located in Tracy, Chino, and Mission Viejo, California. From the sale of the PRODUCT, AMAZON kept a portion of the sale price in accordance with the terms and conditions of its contract with MEEPO.

10.     On November 23, 2023, shortly after receiving the PRODUCT, Plaintiff informed MEEPO on AMAZON's website that the belt on the PRODUCT snapped. Plaintiff was then instructed by MEEPO to install the spare belt that was provided with the original purchase.

11.     Thereafter, on February 22, 2024, while Plaintiff was traveling on the PRODUCT at or near 5585 Hardy Avenue in the city of San Diego at approximately 20 mph, he saw a vehicle make a left turn in front of him and applied his brakes in an attempt to slow down and/or stop. Unfortunately, while braking, the belt on the PRODUCT snapped, causing Plaintiff's brakes to malfunction. As a result, Plaintiff forcefully collided with the vehicle in front of him and he sustained serious injuries to his person. This accident sequence is hereinafter referred to as "the SUBJECT ACCIDENT."

12.     As a legal result of the SUBJECT ACCIDENT, the defects in the PRODUCT, and the negligence of the Defendants, and each of them, Plaintiff was injured in his health, strength, and activities, and sustained injury to his body and shock and injury to his nerves and nervous system, all of which have caused and continue to cause him great mental, physical and emotional pain and suffering, physical impairment, loss of enjoyment of life, and other general damages. Plaintiff is informed and believes, and thereupon alleges, that his general damage, in an amount not presently ascertained, is in excess of the minimum jurisdictional amount of the "unlimited jurisdiction" division of this court.

13.     As a direct and legal result of the SUBJECT ACCIDENT, the defects in the PRODUCT, and the negligence of the Defendants, Plaintiff has sustained serious physical injuries, and as a legal result of those injuries, has incurred and will incur in the future, the

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

3
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

expense of medical treatment to treat those injuries, and other special damages in an amount which exceeds the minimum jurisdictional amount of this court, according to proof at trial.

14.    At all times relevant, Defendants, and each of them, engineered, designed, built, manufactured, tested, inspected, sold, advertised, distributed, and otherwise introduced the PRODUCT into the stream of commerce.

15.    The PRODUCT was defectively engineered, designed, built, manufactured, tested, inspected, sold, advertised, and distributed, and was in a dangerous condition and unsafe for the uses and purposes for which it was intended.

## FIRST CAUSE OF ACTION

### Strict Product Liability

*[As Against All Defendants]*

16.    Plaintiff incorporates by reference all paragraphs above as though restated in their entirety herein.

17.    Plaintiff is informed and believes, and based upon such information and belief alleges that Defendants, and each of them, designed, engineered, manufactured, built, tested, inspected, sold, advertised, distributed, and otherwise introduced into the stream of commerce the PRODUCT, and each and every component part thereof, which they knew, or in the exercise of reasonable care should have known, would be used without inspection for defects in its parts, mechanisms, or design, in the State of California and elsewhere.

18.    At all times herein relevant, Defendants, and each of them, were and are engaged in the business of, including but not limited to, designing, manufacturing, distributing, selling, testing, modifying, processing, constructing, packaging, warranting, servicing, repairing, maintaining, marketing, handling, labeling, furnishing, inspecting, supplying, and placing into the stream of commerce the PRODUCT, including, but not limited to, its component parts, packaging, attachments, and associated warnings.

19.    Based on information and belief, the PRODUCT failed to perform as safely as an ordinary user of said PRODUCT would have expected when it was used or misused in a manner intended or reasonably foreseeable by Defendants, and each of them.  In addition, the benefits

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

4

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

of the design of the PRODUCT did not outweigh the risks inherent in its design.

20.    Defendants, and each of them had to duty to warn foreseeable users of the defects in the PRODUCT, and failed to do so.

21.    Based on information and belief, the PRODUCT had risks that were known by Defendants, and each of them, at the time of the design, manufacture, distribution, or sale, of the PRODUCT, and an ordinary consumer would not have recognized the potential risks.

22.    The PRODUCT, and each of its component parts, were unsafe for their intended use(s) and reasonably foreseeable misuses, by reason of defects in their design and/or manufacturing and/or Defendants' failure to warn of the risks.

23.    When Plaintiff used the PRODUCT on February 22, 2024, as intended or in a reasonably foreseeable manner, the PRODUCT was in such a dangerous and defective condition that it caused Plaintiff to suffer severe physical injuries.

24.    Defendants, and each of them, had the ability to minimize the substantial risk of serious bodily harm or death caused by the defects in the PRODUCT by redesigning, recalling, or adequately warning of the potential for serious risk or harm, thereby minimizing or eliminating said potential. But Defendants consciously chose not to take such steps and failed, for example, to institute a timely recall to replace the defects in the PRODUCT or warn users of such defects, all of which allowed Defendants to save money, increase profits, and avoid loss of sales. These acts or inactions of Defendants prevented the public from becoming aware that the PRODUCT was unsafe, dangerous, and defective, thereby causing the herein-described injuries to Plaintiff.

25.    As a direct, legal, and proximate result of the conduct of Defendants, and each of them, and the defects in the PRODUCT and Defendants' failure to warn of such defects, Plaintiff suffered severe physical injuries.

26.    As a direct, legal, and proximate result of the wrongful acts of the Defendants, Plaintiff suffered and sustained and continues to suffer the following losses and damages within the jurisdiction of the Superior Court of California:

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

A.    Medical treatment and other incidental expenses, in an amount to be established at the time of trial according to proof;

B.    Economic loss, including but not limited to loss of wages and loss of earning capacity, in an amount to be established at the time of trial according to proof;

C.    Past and future damages including, but not limited to, physical pain, physical impairment, loss of enjoyment of life, and mental suffering;

D.    Pre-trial interest, in an amount to be established at the time of trial according to proof.

## SECOND CAUSE OF ACTION

### Negligence (Product Liability)

*[As Against All Defendants]*

27.    Plaintiff incorporates by reference all paragraphs above as though restated in their entirety herein.

28.    Based on information and belief, the PRODUCT had been engineered, designed, built, manufactured, tested, inspected, sold, advertised, distributed, and otherwise introduced into the stream of commerce by Defendants.

29.    Defendants, and each of them, owed duties of care to actual and potential customers and consumers with respect to the PRODUCT. Such duties included, but were not limited to designing, manufacturing, distributing, selling, and providing the PRODUCT in a safe manner; labeling the PRODUCT so as to reasonably warn consumers of potential dangers; and applying knowledge and information from past incidents, complaints, studies, reports, or investigations to provide for the safety of consumers with respect to the PRODUCT.

30.    Defendants, and each of them, breached their duties of care by negligently and carelessly engineering, designing, building, manufacturing, testing, inspecting, selling, advertising, and distributing the PRODUCT in a defective condition.

31.    Defendants, and each of them, knew or reasonably should have known that the PRODUCT was dangerous or was likely to be dangerous when used or misused in a reasonably foreseeable manner, and that consumers or users of the PRODUCT would not realize the danger.

6

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

32.    Defendants, and each of them, failed to adequately warn of the danger, of which a reasonable manufacturer/distributor/seller under the same or similar circumstances would have warned.

33.    Defendants, and each of them, had the ability to minimize the substantial risk of serious bodily harm or death caused by the defects in the PRODUCT by redesigning, recalling, or adequately warning of the potential for serious risk or harm, thereby minimizing or eliminating said potential. Defendants consciously chose not to take such steps and failed, for example, to institute a timely recall to replace the defects in the PRODUCT or warn users of such defects, all of which allowed Defendants to save money, increase profits, and avoid loss of sales. These acts or inactions of Defendants prevented the public from becoming aware that the PRODUCT was unsafe, dangerous, and defective, thereby causing the herein-described injuries to Plaintiff.

34.    As a direct, legal, and proximate result of the conduct of Defendants, and each of them, and the defects in the PRODUCT, Plaintiff suffered severe physical injuries.

35.    As a direct, legal, and proximate result of the wrongful acts of Defendants, Plaintiff suffered and sustained and continues to suffer the following losses and damages within the jurisdiction of the Superior Court of California:

A.    Medical treatment and other incidental expenses, in an amount to be established at the time of trial according to proof;

B.    Economic losses, including but not limited to loss of wages and loss of earning capacity, in an amount to be established at the time of trial according to proof;

C.    Past and future damages including, but not limited to, physical pain, physical impairment, loss of enjoyment of life, and mental suffering; and

D.    Pre-trial interest, in an amount to be established at the time of trial according to proof.

///

///

///

7

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## ALLEGATIONS SUPPORTING AN EXEMPLARY DAMAGES PRAYER ON PLAINTIFF'S FIRST AND SECOND CAUSES OF ACTION AGAINST DEFENDANTS MEEPO BOARD, INC., AMAZON.COM SERVICES, LLC, AND DOES 1 THROUGH 50, INCLUSIVE

36.     Plaintiff is further informed and believes and thereon allege that Defendants, and each of them, intentionally engaged in conduct which, with respect to the defects in the PRODUCT, Plaintiff alleges were a legal cause of his losses, damages, injuries and harm, exposed Plaintiff and other users of the PRODUCT to the risks of death and catastrophic injuries arising from potential dangers known to these Defendants, in order to advance the Defendants' pecuniary interests and thus acted with a conscious disregard for the safety of Plaintiff and other users of the PRODUCT, warranting an award of exemplary damages against Defendants pursuant to *California Civil Code* § 3294 (c)(1), and the rule enunciated in *Ford Motor Co. v. Home Ins. Co.* (1981) 116 Cal. App.3d 374, 381-382 and *PPG Industries, Inc v. Transamerica Ins. Co.* (1996) 49 Cal. App.4th 1120.

37.     The facts supporting these Defendants' intentional conduct which exposed Plaintiff and other users of the PRODUCT to serious potential danger known to these Defendants in order to advance these Defendants' pecuniary interests, are on information and belief, as follows: (1) that Defendants, and each of them, have known since the release of the PRODUCT in 2023, and probably before, that there were serious safety issues with the belts, that they frequently snapped and/or broke and were not performing as expected, which posed an increased risk to Plaintiff and other users since the brakes malfunction if the belts snap and/or break while the PRODUCT is in use; (2) that Defendants, and each of them, received numerous complaints regarding the belts and brakes in the PRODUCT and were fully aware of the defects after reading about the complaints in their emails, on their platforms, and on public forums – all of which they monitored; (3) that Defendants, and each of them, were also informed of the complaints regarding the belts and brakes in the PRODUCT from video bloggers who Defendants reached out to and provided the PRODUCT to for review; (4) that Defendants, and each of them, were fully aware of the defects regarding the belts and brakes in the PRODUCT as they oftentimes responded to the numerous complaints by providing replacement belts, which Defendants were

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

informed also snapped and/or broke and were not performing as expected; (5) that Defendants, and each of them, willfully, knowingly, and voluntarily designed, engineered, manufactured, built, provided, distributed, advertised, marketed, sold, and otherwise introduced into the stream of commerce the PRODUCT with its known defects; (6) that it was foreseeable to Defendants that the PRODUCT with its defects would cause substantial risk of serious bodily harm or death to Plaintiff or other users; (7) that Defendants' conduct, as described herein, was done with a conscious disregard for the health and safety of Plaintiff and others, and (8) that Defendants' conduct, as described herein, did in fact cause Plaintiff injury.

37.     As a direct, legal, and proximate result of the aforementioned wrongful acts of Defendants, an award of exemplary damages against Defendants would be appropriate and warranted to punish these Defendants and to deter such conduct in the future.

## THIRD CAUSE OF ACTION

### Breach of Implied Warranty

*[As Against All Defendants]*

38.     Plaintiff incorporates by reference all paragraphs above as though restated in their entirety herein.

39.     At all times herein mentioned, Defendants, and each of them, engineered, designed, built, manufactured, tested, inspected, sold, advertised, distributed, and otherwise introduced the PRODUCT into the stream of commerce.

40.     At all times herein mentioned, the PRODUCT sold to Plaintiff was unsafe, defective, and in an inherently dangerous condition, which was dangerous to users such as Plaintiff.

41.     Defendants, and each of them, impliedly warranted the PRODUCT to be of merchantable quality and safe for use.

42.     Plaintiff reasonably relied upon the skill and judgment of Defendants, and each of them, as to whether the PRODUCT was of merchantable quality and safe for its intended use.

43.     Contrary to the implied warranties of Defendants, and each of them, the

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

9

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

PRODUCT was not of merchantable quality or safe for its intended use because the PRODUCT was unreasonably dangerous as described above.

44.    As a direct and proximate result of Defendants' breach of implied warranties regarding the safety and effectiveness of the PRODUCT, Plaintiff has suffered severe personal injuries.

45.    As a direct, legal, and proximate result of the wrongful acts of the Defendants, Plaintiff suffered and sustained and continues to suffer the following losses and damages within the jurisdiction of the Superior Court of California:

A.    Medical treatment and other incidental expenses, in an amount to be established at the time of trial according to proof;

B.    Economic loss, including but not limited to loss of wages and loss of earning capacity, in an amount to be established at the time of trial according to proof;

C.    Past and future damages including, but not limited to, physical pain, physical impairment, loss of enjoyment of life, and mental suffering; and

D.    Pre-trial interest, in an amount to be established at the time of trial according to proof.

WHEREFORE, Plaintiff hereby prays for judgment against all Defendants, and each of them, as follows:

1.    For general and non-economic damages including damages for pain and suffering, physical and mental injuries, including serious emotional distress, disability, and loss of enjoyment of life in an amount in excess of the unlimited civil claim minimum jurisdiction amount according to proof;

2.    For past and future hospital, medical, and other health care expenses according to proof;

3.    For loss of wages and/or earning capacity, and other economic damages, both past and future, in an amount according to proof;

4.    For pain, suffering, and emotional distress damages according to proof;

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

5.    For punitive and exemplary damages in an amount sufficient to punish and make an example of these Defendants;

6.    For all prejudgment interest as allowed by law;

7.    For costs of suit incurred herein; and

8.    For such other and further relief as the Court deems just and proper.

DATED: September 5, 2024                    WILSHIRE LAW FIRM, PLC

By _____
H. Gavin Long, Esq.
Julie Lu, Esq.
Andrew S. Attia, Esq.
Attorney for Plaintiff,
KAYDEN ENRIQUEZ KADRI

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of this action.

DATED: September 5, 2024

WILSHIRE LAW FIRM, PLC

By _____
H. Gavin Long, Esq.
Julie Lu, Esq.
Andrew S. Attia, Esq.
Attorney for Plaintiff,
KAYDEN ENRIQUEZ KADRI

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL